IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED
JUL 1 4 2005
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY ____ DEPUTY

| | |
|---|---|
| S&L ENTERPRISES, INC., et al.,    ) | |
| )  | |
| Plaintiffs,    ) | |
| ) | |
| vs.    ) | No. CIV-05-171-W |
| ) | |
| ECOLAB INC. et al.,    ) | |
| ) | |
| Defendants.    ) | |

## ORDER

On June 23, 2005, the Court granted the Motion for Sanctions filed by defendants Ecolab Inc. and Kay Chemical Company, Inc., pursuant to Rule 11, F.R.Civ.P., and set this matter for evidentiary hearing on two issues: who was responsible for the sanctionable conduct, plaintiffs S&L Enterprises, Inc. ("S&L"), and Harry Cheatwood and/or plaintiffs' counsel, Kevin R. Wisner of the law firm Cheatwood Wisner, PLLC, and what type of sanction should be imposed. The hearing was held on July 12, 2005, and after consideration of Cheatwood's testimony and counsel's statements and after review of the documents submitted by the parties, the Court now makes its determination with regard to the foregoing issues.

> "Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management."

White v. General Motors Corporation, 908 F.2d 675, 683 (10th Cir. 1990)(citation omitted).

Courts recognize that a monetary sanction in the form of an award of attorney's fees and expenses to the opposing parties often serves these purposes,[1] and the Court finds under the circumstances that those purposes would be best served in this case by such an award. However, because "[d]eterrence [not compensation] is . . . the primary goal of . . . [Rule 11] sanctions," id. (citations omitted), this does not mean that the defendants are entitled to full reimbursement of the reasonable legal fees and costs they have incurred as a direct result of the sanctioned conduct.

Courts "must also consider other factors in arriving at 'an appropriate sanction.'" Id. at 684 (quoting Rule 11, supra). Indeed, "the calculation of the proper amount of sanctions is not an arithmetically precise exercise, but instead requires that a court exercise its judgment and discretion in light of the pertinent factors and the facts and circumstances presented." Giganti v. Gen-X Strategies, Inc., 222 F.R.D. 229, 315 (E.D. Va. 2004)(footnotes omitted). Such factors serve as limitations on the amount assessed, and in addition to the reasonableness of the requested fees and costs, e.g., 908 F.2d at 684,[2]

---

[1] "Rule 11 [itself] offers little guidance as to an 'appropriate sanction' for a violation of the Rule's requirements. . . . [T]he Rule simply states that[] ["]the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.'" Giganti v. Gen-X Strategies, Inc., 222 F.R.D. 299, 314 (E.D. Va. 2004)(quoting Rule 11(c)(2), F.R.Civ.P.)

[2] Those requesting fees and costs should provide enough detail and information to permit the Court and the sanctioned party to determine whether the services rendered were necessary and the fees and costs sought are reasonable. In this case, out-of-state counsel did not provide the Court with any explanation or description of the services provided. The Court finds that supplementation of the record with the same is not necessary since the aggregate amount of fees and costs requested clearly and easily exceeds the appropriate amount to be imposed. Cf. In re Kunstler, 914 F.2d 505, 523 (4th Cir. 1990)(injured party has duty to mitigate costs by not overstaffing, overresearching or overdiscovering meritless claims).

the Court must consider "the 'minimum that will serve to adequately deter the undesirable behavior,'" id. at 685 (quoting <u>Doering v. Union County Board of Chosen Freeholders</u>, 857 F.2d 191, 194 (3d Cir. 1988)(other citations omitted)(emphasis deleted)), "the offender's ability to pay," id., and that party's "history, experience, and ability," id., "the severity of the violation, the degree to which malice or bad faith contributed to the violation, [and] the risk of chilling the type of litigation involved . . . ." Id. (citation omitted).

Wisner and Cheatwood appeared to be both candid and remorseful. In light of the forthright contrition shown by counsel and in the absence of any evidence of malice, the Court, after careful review of the financial status and resources of counsel and the plaintiffs and all other pertinent factors, finds that adequate deterrence falls far short of full reimbursement of the fees and expenses requested by the defendants. It is this Court's opinion that the minimum amount reasonably necessary to deter future similar conduct and the least severe sanction adequate to accomplish the limited purposes of Rule 11 is $2500.00.

Having so determined, the Court must also decide against whom to assess this sanction. Indeed, sanctions not only "must be appropriate in amount [but also] . . . levied upon the person responsible for the violation." 908 F.2d at 685 (citation omitted). Upon consideration of the nature and type of misconduct in this case, the Court finds that liability should be imposed jointly and severally upon counsel and clients.

Accordingly, the Court ORDERS

(1) that sanctions in the amount of $2500.00 should be and are hereby imposed jointly and severally upon attorney Kevin Wisner, the law firm of Cheatwood Wisner, PLLC, Harry Cheatwood and S&L Enterprises, Inc.;

(2) that such amount shall be paid to the defendants on or before August 15, 2005; and

(3) that proof of such payment shall be filed with the Court on or before August 17, 2005.

ENTERED this 14th day of July, 2005.

LEE R. WEST
UNITED STATES DISTRICT JUDGE